IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ALFRED LEE JACOBS,

    Plaintiff,

vs.                                                                                    CIVIL ACTION NO.: CV505-082

COFFEE COUNTY SHERIFF'S
DEPARTMENT,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Autry State Prison in Pelham, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while incarcerated at Coffee County Jail in Douglas, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff generally asserts that the Coffee County Sheriff's Department neglected to provide proper medical treatment, thus causing severe physical and emotional pain and suffering. Plaintiff contends that Ms. Sandra Lot ("Lot") increased his insulin dosage to treat his diabetes, without orders from his physician. Plaintiff alleges that he suffered severe headaches, blurred vision, and nausea as a result of this increase in dosage. Plaintiff contends that several months later, he reported shortness of breath and chest pains to Lot. Plaintiff alleges that Lot arranged an appointment with Dr. Sinclair to run tests; however, Plaintiff alleges that the Coffee County Sheriff's Department refused to transport him for follow-up tests to determine a future course of treatment. Plaintiff alleges that two months after his visit with Dr. Sinclair, Lot ordered him to take muscle relaxants and sleeping pills at three different times during a twenty-four hour period. Plaintiff asserts

AO 72A
(Rev. 8/82)

that taking this medicine resulted in chest pains and caused him to pass out. Plaintiff avers that he told Mr. Wilcox that he needed to see a doctor during this incident, but was refused. Plaintiff contends that on another occasion, he began bleeding from his rectum and informed Nurse Carver of his ailment. Plaintiff alleges that he received no response and bled for several days.

While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed.2d 611 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), sheriff's deparatments, as a mere arm of such governments, are not generally considered legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). Plaintiff has named the Coffee County Sheriff's Department as the Defendant in his lawsuit. Plaintiff cannot state a claim against the Coffee County Sheriff's Department, as it is merely the vehicle through which the State governs and is not a proper party defendant. Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE